FORM 104 (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Thomas R. Willson, Chapter 7 Trustee | DEFENDANTS<br>Scott Vanderlick, et al |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Wheelis & Rozanski, APLC   (318) 445-5600<br>P.O. Box 13199<br>Alexandria LA  71315-3199 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☑ Trustee | PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor        ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

| NATURE OF SUIT |
|---|
| (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☑ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
       actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other
       than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if
       unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

| Other Relief Sought |
|---|
| |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Central Louisiana Grain Cooperative, Inc. | | BANKRUPTCY CASE NO.<br>08-80475 |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Louisiana | DIVISIONAL OFFICE<br>Alexandria | NAME OF JUDGE<br>Henley A. Hunter |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/Stephen D. Wheelis | | |
| DATE<br>04/12/2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Stephen D. Wheelis | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

IN RE:      **CENTRAL LOUISIANA GRAIN**      **BANKRUPTCY CASE NO.**
                **COOPERATIVE, INC.**
                **DEBTOR**                    **08-80475**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THOMAS R. WILLSON,**                 **ADVERSARY PROCEEDING**
**CHAPTER 7 TRUSTEE**

**vs.**                                       **10-8___**

**SCOTT D. VANDERLICK, ET AL**

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS FROM DEBTOR'S GRAIN ACCOUNT

Now into court through undersigned counsel comes Thomas R. Willson, Chapter 7 Trustee, who files this Complaint to avoid and recover transfers from the Debtor's Grain Account for the bankruptcy estate for the reasons set forth below.

### JURISDICTION

1.

This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. 1334(b) and 157(a) and Title 11 of the United States Code.

2.

This proceeding is governed by Bankruptcy Rule 7001, et seq., the local Bankruptcy Rules and the Uniform District Rules for the Eastern, Middle and Western Districts of Louisiana as they apply and supplement the Bankruptcy Rules.

3.

This matter constitutes a core proceeding and this Court is entitled to enter final orders and decrees.

### PARTIES

4.

The party plaintiff to these proceedings is Thomas R. Willson, Chapter 7 Trustee.

5.

The parties defendant to these proceedings are listed below and on Exhibits "A" and "B" attached hereto and incorporated herein.

| |
|---|
| Scott D. Vanderlick |
| David & Dot Vanderlick |
| Ronnie and Darlene Blewer |
| Brant Byrd |
| Dr. Charles Vanderlick |
| Todd Vallee |
| Henry J. Vanderlick |
| Travis Vallee |
| Duncan Farms |
| L. W. Bunch |
| Bunch & Dencker Farms |
| James D. Hickman |
| Byrd Farms Trucking |
| Landlock Farming |
| Jacques Theriot |
| Mark Byrd Trucking |
| Matt Trucking |
| Jody & April Matt |
| Mike Campbell |
| Dean Lee Research Center |
| Landlock Trucking |
| Durr Farms Inc |
| D & R Trucking |
| L & J Farms |
| Ronald Paret |
| Lloyd Dean |
| Derritt & Roxanne Matt |
| Donald Lafleur |
| Cephas Bowie |
| John Chop Trucking LLC |

-2-

| |
|---|
| Glory Island Farming Partnership |
| Doug Nichols |
| CDT Farms LLC |
| Ben W. & Michelle Littlepage |
| Ben M. Littlepage |
| Jimmy & Diana Bryant |
| Floyd Hebert |
| Cory Van-Mol |
| Jess & Diane Vanderlick |
| Tommy Robert |
| Gordon & Anna Smith |
| Margaret Williams |
| Danny Webb |
| Charles Verby |
| Keystone Farms |
| K. & B. Farming Partnership |
| Robert Hickman |
| Bayou Camitte Plantation |
| King Hill Farms |
| Rita Nichols |
| Gordon Smith |
| William G. Pias |
| Roselawn LLC |
| Roy Puckett |
| Jolley Nash |
| Roy A Puckett |
| Eddie Pringle |
| Puckett Farms |
| Laux Farms |
| Richard & Brenda Bonner & Eddie Davis |

| |
|---|
| Phillip Flynn |
| John Danley |
| Jimmy Bostick |
| Louis Gatlin |
| Ann C. Miller |
| Steve Hargis |
| John D & Gayla Verzwyvelt |
| Thomas Douglas |
| China Grove Plantation |
| Richard Flynn |
| UAP Delta |
| Delta Gro c/o UAP |
| PFP Trucking |
| St. Martin Catholic Church |
| Madyson Johnson |
| Louis & Donna Gatlin |
| D & L Transportation |
| Terry Martin |
| Bruce Capps |
| M & M Trucking |
| Charlie & Jacque Matt |
| Jeanette Green |
| Ryder Churchman |
| Wayne McGee |
| James P. Peterman |
| Steve Mathews |
| Henry Peterman |
| Sayes Farms |
| Heldo Plantation |
| Clyde Reed |

-4-

| |
|---|
| Charles Messer |
| 3- J's Trucking |
| Albert Corley |
| Lance Shaw |
| Robbie Scarborough |
| McGraw Farms LLC |
| Trevor Verzwyvelt |
| Justin Dekeyzer |
| Holden Vallee |
| Ella Elizabeth James |
| Charles Bailey |
| Herman S. Chop |
| Dekeyzer Farms |
| Texada Properties |
| Dewitt Vandevelde |
| Bettye Dekeyzer |
| Betty Rose |
| Lauretta Vanderlick |
| Louis V Pringle |
| John Bennett |
| Terry Readoux |
| James Pringle |
| Mitchell Trucking |
| Hoffman Transport |
| Richard Weiss |
| Ronald Nash |
| Methvin Farms |
| J. & C. Matt Farm Partnership |
| John Byone |
| Casey Messenger |

| |
|---|
| John Dean |
| Jeffrey Seiler |
| Dauzet Family Farms |
| LPA LLC |
| Ronald Poret |
| R. C. Hargis |
| Timothy Gaspard |
| Williams Development LLC |
| L & M Decuir |
| Jerry Harris |
| Lowell Ebert Trucking |
| Mike Pope |
| Hargis Farm Partnership |
| William Flynn |
| Slayter Farms |
| Donald Ray Byrd |
| Jennifer Dover |
| Alen Coolman |
| Kirby Landry |
| Casey L. Douglas |
| Douglas Farms |
| Tony Leone |
| Brandon Messer |
| Steve Halbert |
| M. T. Nichols |
| Susan Vallee |
| Lois Rudisill |
| Philen Farm Partnership |
| Ken Richardson |
| W. L. Properties Inc. |

-6-

| |
|---|
| Elizabeth Profit |
| Marien Farms |
| Madeline Byrd |
| Led L Romar, L& C Trucking |
| TMW Trucking |
| Donald Andrews |
| Cedric Mims |
| R. O. Hodnett |
| Pearce Scott |
| Russell & Mary Stacy |
| MML, Inc |
| Walter G. or Ann Vanderlick & Agrilliance LLC |
| John A. or Kathy Vanderlick |
| J. P. James |
| Bruce Rhodes |
| Bostick Family Farms |
| Paul Vanderlick |
| Mike Palermo |
| Woodrow Blalock |
| James P Peterman |
| Keller Enterprise LLC |
| Margaret Ewing |
| Joanne Kiesser |
| Gail Giles |
| Moreland Plantation LLC |
| Brady Coburn |
| Paul J Theriot |
| Mike Romar |
| L T Trucking |
| Thomas F Vanderlick Farms |

-7-

| |
|---|
| Joseph Jones |
| Nolen Stevens |
| Lawrence Adams |
| Marilyn Merritt |
| Melvin Harris |
| Sally B. Danley |
| Terrell Savage |
| Leo L. Romar, L & C Trucking |
| Deland Jones |
| Chamber's Investments |
| Martin W. Hickman |
| Sewell Farms |
| Martin Smith, Jr. |
| L. P. A. LLC c/o Ann M. Bowen |
| Jeffery Seiler |
| Greg Adcock |
| Edwin Mathews |
| Joseph Hollier |
| Joel L Mathews |
| Mathew Brothers |
| Vernon S. Mathews |
| Joseph C. Vanderlick |
| Vernon M. Mathews |
| Ren-Dan Farms |
| Helen R. Mathews |
| James F. Rayner |
| Bayou Rapides Development |
| Charles Maxwell |
| Lydia M. Weeks |
| Vernon G. Mathews |

-8-

| |
|---|
| Sisters of Our Lady of Sorrow |
| Dorothy Mertens Morel |
| Ralph Mertens |
| Cynthia Souileau |
| UAP Delta |
| Red River Dusting Inc. |
| Rayburn Smith |
| Thomas A Antoon |
| RDS Trucking |
| Planters Dusting Company |
| M. C. Jordan |
| Thomas Crichton IV |
| Wanda Roberston |
| Robert Schrack |
| Octavis Wiggins |
| Three Two Corporation |
| James W. Hickman |
| Mary Byrd Trucking |
| Jack Comb |
| Nora Hudson |
| Archie Craig |
| John Richardson |
| Ken Richarson |
| Dr. David Carlton |
| Thomas Farms |
| Robert D. Hickman |
| William A. Hickman |
| Carnal Inc. |
| Charles F. Gaiennie |
| Robert Craig |

-9-

| |
|---|
| W. F. Carnal Estate |
| Wanda Robertson |
| Hal Hoose |
| Robert Blair |
| Mark Lemoine |
| Grady Coburn |
| Tom Vogel |
| St. Rita Church |
| Wayne Lutz |
| Bobby Hodnet |
| Eugene Andries |
| Jenny Carney |
| Donald Chandler |
| M. C. Jordon |
| C & L Trucking |
| Bobby Outlaw |
| Laura Jabbia |
| Carolyn R. McGraw |
| Margaret Johnson |
| James Randy Lafleur |
| St. Joseph's Church |
| Sandra Hardy |
| Gene Tadamey |
| Menard High School |
| M.C. Jordon |
| Thomas Crichton IV |
| Scott J. Crichton |
| Robert Palermo |
| Willie Mae Palermo |
| Louisiana Farm Bureau |

| |
|---|
| Valley Farmers Co-Op |
| Isabel Painter |
| Kathy Vincent Hanudel |
| Vicki Vincent Stulb |
| Red River Grain |
| Cane River Construction |
| Mike Rachal |
| Virginia Moore |
| Dolly Jean Vandevelde |
| Finkie Farms |
| Elm Tree Planting Co. |
| North Beouf Famrs |
| Carson Farms |
| Steep Bayou Planting Co |
| Canal, Inc |
| Charles F. Gaiennie |
| J & P Farms |
| Russel Desselle |
| Jame Poole |
| Scheznyder Partnership |
| Lemoine Farms |
| Lee Brown |
| ADH Inc |
| Leverton Farms |
| Weeks Tractor |
| Thomas Crichton |
| G&J Farms |
| Freddie Vidrine |
| William Campbell |
| J & D Farms |

-11-

| |
|---|
| Michael E Duncan |
| Russell Desselle |
| Schexnyder Partnership |
| Charles Yerby |
| Wesley Moreau |
| Chase Litton |
| Rosenthal Collins Group |
| Danny Methvin |
| Peyton Cunningham |
| D&L Transportation |
| Producer's Exchange LLC |
| Leone Farms |
| Earl Hall |
| Valinsky Holmes |
| Issac Jones |
| Jeff Dekeyzer |
| H H Cosper |
| Willie Eldridge |
| Mack Price |
| Sadie Van-Mol |
| Glenda Edmonds |
| Harris Greenhoward |
| Bobby Price |
| Silver Fox Inc. |
| St. Martin Building Fund |
| Lodi Farms |
| Helen M. Hargis |
| Allen Farms |
| Lone Pine Farms |
| Mrs. Charles Dekeyzer |

| Hargis Farm Partnership |
| --- |

| Ronnie & Darlene Blewer & First South Farm Credit ACA |
| --- |
| Jimmy & Diane Bryant |

| Vernon Mathews |
| --- |
| Bayou Robert Co-op |
| Donald Powell |
| McPherson Partnership |
| Emma Vanderlick |
| Ben Vanderlick |

## FACTS

### 6.

On April 10, 2008 the Debtor commenced its bankruptcy case by filing a voluntary petition for relief under Chapter 7 of the title 11 of the United States Code.

### 7.

No official committee of unsecured creditors was appointed.

### 8.

The Debtor maintained an account with Colfax Banking Company designated "Grain Account".

### 9.

On information and belief this account was utilized by the Debtor primarily to pay for grain purchases from vendors/farmers.

### 10.

On information and belief the account was utilized to pay for the grain and expenses related to the delivery and transport of the grain.

### 11.

The Chapter 7 Trustee has been informed that the Debtor would purchase grain from farmers; however, the entire purchase price would not be advanced at the time of the purchase. Instead, the farmers would receive a credit in the grain account for the amount of the sale and would then request disbursements

-13-

from the Debtor over a period of time, creating a credit sale or other type of delayed payment transaction.

12.

Further, the Chapter 7 Trustee has learned that payments other than payments for grain were made out of the Grain Account including payments for margin calls and other expenses. The Debtor apparently replenished the account as the Debtor would sell grain purchased from the farmers to third party purchasers of the Debtor.

## COUNT ONE

### Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547(b) and 550; Or, In the Alternative, Pursuant to 11 U.S.C. §§ 544, 548 and 550

**A.      Avoidance and Recovery of Preferential Transfers Made Within 90 Days of Filing.**

13.

The Plaintiff reiterates and incorporates as if fully set forth the allegations of paragraphs 1 through 12 above.

14.

Before the Petition Date, Defendants were creditors of the Debtor.

15.

On or within ninety (90) days before the Petition date, the Debtor transferred property in which the Debtor had an interest to the Defendants totaling not less than $2,595,783.81 (collectively, the "Transfers"). A schedule identifying the Transfers is attached hereto as Exhibit "B".

16.

The Transfers were made to, or for the benefit of the Defendants.

17.

The Debtor made the Transfers for, or on account of, (an) antecedent debt(s) owed by the Debtor.

18.

At the time of each of the Transfers, the Debtor was insolvent within the meaning of 11 U.S.C. §101(32).

19.

The Transfers enabled Defendants to receive more than they would receive as creditors if: (i) the case were under Chapter 7 of the Bankruptcy Code; (ii) the Transfer(s) had not been made; or (iii) the Defendants had received payment on the debts in accordance with the provisions of the Bankruptcy Code.

-14-

20.

Pursuant to 11 U.S.C. §547, the Plaintiff is entitled to avoid each of the Transfers.

21.

Pursuant to 11 U.S.C. § 550(a)(1), the Plaintiff is entitled to recover the amount shown on Exhibit B from each of the Defendants plus prejudgment interest in an amount to be determined by the Court.

**B.      Alternative Claim-Avoidance and Recovery of Fraudulent Transfers**

22.

The Plaintiff reiterates and incorporates as if fully set forth the allegations of paragraphs 1 through 16 above.

23.

Within the one (1) year period prior to the Petition Date, the Debtor made the Transfers identified on Exhibit "B".

24.

The Transfers constitute transfers of interests of the Debtor in property.

25.

The Debtor (A) made such Transfers with actual intent to hinder, delay, or defraud an entity to which the Debtor was or became, on or after the date that such Transfers was made, indebted; (B) received less than reasonably equivalent value in exchange for some or all of the Transfers, and (i) was insolvent on that date the Transfers were made or became insolvent as a result of such Transfers; (ii) were engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or (iii) intended to incur, or believed the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts become mature.

26.

Pursuant to 11 U.S.C. §548, the Plaintiff is entitled to avoid each of the Transfers. Alternatively, the Plaintiff is entitled to avoid each of the Transfers pursuant to 11 U.S.C. §544 and La. C.C. Art. 2036, *et seq.*

27.

Pursuant to 11 U.S.C. §§550(a), the Plaintiff is entitled to recover the amount shown on Exhibit "B" from each of the Defendants plus prejudgment interest in an amount to be determined by the Court.

**COUNT TWO**

**Disallowance of Claim Pursuant to 11 U.S.C. § 502(d)**

28.

-15-

The Plaintiff reiterates and incorporates as if fully set forth the allegations of paragraphs 1 through 27 above.

29.

As a result of the Defendants' receipt of the Transfers as herein alleged above and by virtue of 11 U.S.C. §502(d), the Court is required to disallow any claims the Defendants hold against the Debtor, until or unless the Defendants have paid to the Plaintiff the amount the Defendants are liable to the Plaintiff under 11 U.S.C. §§544, 547, 548 and 550(a).

## COUNT THREE

**Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547(b) and 550;
Or, In the Alternative, Pursuant to 11 U.S.C. §§ 544, 548 and 550**

**A.    Avoidance and Recovery of Preferential Transfers Made Within 90 Days of Filing.**

30.

The Plaintiff reiterates and incorporates as if fully set forth the allegations of paragraphs 1 through 29 above.

31

Before the Petition Date, Defendants were creditors of the Debtor.

32.

On or within one year before the Petition date, the Debtor transferred property in which the Debtor had an interest to the Defendants totaling not less than $27,480,710.54 (collectively, the "Insider or 360 day Transfers"). A schedule identifying the Transfers is attached hereto as Exhibit "B".

33.

The Transfers were made to, or for the benefit of the Defendants.

34.

The Debtor made the Transfers for, or on account of, (an) antecedent debt(s) owed by the Debtor.

35.

At the time of each of the Transfers, the Debtor was insolvent within the meaning of 11 U.S.C. §101(32). Also many of the Defendants on Exhibit "A" were insiders of the Debtor as defined in 11 U.S.C. 101(31).

36.

-16-

The Transfers enabled Defendants to receive more than they would receive as creditors if: (i) the case were under Chapter 7 of the Bankruptcy Code; (ii) the Transfer(s) had not been made; or (iii) the Defendants had received payment on the debts in accordance with the provisions of the Bankruptcy Code.

37.

Pursuant to 11 U.S.C. §547, the Plaintiff is entitled to avoid each of the Transfers.

38.

Pursuant to 11 U.S.C. § 550(a)(1), the Plaintiff is entitled to recover the amount shown on Exhibit A from each of the Defendants plus prejudgment interest in an amount to be determined by the Court.

**B.      Alternative Claim-Avoidance and Recovery of Fraudulent Transfers**

39.

The Plaintiff reiterates and incorporates as if fully set forth the allegations of paragraphs 1 through 33 above.

40.

Within the one (1) year period prior to the Petition Date, the Debtor made the Transfers identified on Exhibit "B".

41.

The Transfers constitute transfers of interests of the Debtor in property.

42.

The Debtor (A) made such Transfers with actual intent to hinder, delay, or defraud an entity to which the Debtor was or became, on or after the date that such Transfers was made, indebted; (B) received less than reasonably equivalent value in exchange for some or all of the Transfers, and (i) was insolvent on that date the Transfers were made or became insolvent as a result of such Transfers; (ii) were engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the Debtor was unreasonably small capital; or (iii) intended to incur, or believed the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts become mature.

43.

Pursuant to 11 U.S.C. §548, the Plaintiff is entitled to avoid each of the Transfers.  Alternatively, the Plaintiff is entitled to avoid each of the Transfers pursuant to 11 U.S.C. §544 and La.  C.C. Art.  2036, *et seq.*

44.

Pursuant to 11 U.S.C. §§550(a), the Plaintiff is entitled to recover the amount shown on Exhibit "A"

-17-

from each of the Defendants plus prejudgment interest in an amount to be determined by the Court.

## COUNT FOUR

### Disallowance of Claim Pursuant to 11 U.S.C. § 502(d)

45.

The Plaintiff reiterates and incorporates as if fully set forth the allegations of paragraphs 1 through 44 above.

46.

As a result of the Defendants' receipt of the Transfers as herein alleged above and by virtue of 11 U.S.C. §502(d), the Court is required to disallow any claims the Defendants hold against the Debtor, until or unless the Defendants have paid to the Plaintiff the amount the Defendants are liable to the Plaintiff under 11 U.S.C. §§544, 547, 548 and 550(a).

### Reservation of Rights

47.

The Plaintiff specifically reserves all rights to seek amendment of this Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure with is made applicable herein pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure. Specifically, the Plaintiff believes that it may be necessary to amend the Complaint to account for certain defenses, including lien defenses, that may be possessed by the Defendants. Therefore, the Plaintiff respectfully reserves the right to appropriately amend this Complaint upon discovery of further information regarding such lien defenses and as may otherwise be necessary and appropriate pursuant to the above cited rules.

**WHEREFORE THOMAS R. WILLSON, CHAPTER 7 TRUSTEE PRAYS** that this Complaint be deemed good and sufficient and that after due proceedings had and trial hereof there be judgment herein in favor of the Trustee and against Defendants in the amounts set forth in Exhibits "A" and "B" plus prejudgment interest and for all other just, general and equitable relief.

Respectfully submitted,

**WHEELIS & ROZANSKI**

By: /s/ Stephen D. Wheelis
    Stephen D. Wheelis #17205
    Richard A. Rozanski #22583
    Ryan C. Robison #30695

-18-

P.O. Box 13199
Alexandria, Louisiana 71315-3199
318/445-5600

***ATTORNEYS FOR CHAPTER 7 TRUSTEE,
THOMAS R. WILLSON***