UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:  CENTRAL LOUISIANA GRAIN                            BK NO. 08-80475
************************************************************************

THOMAS R. WILLSON,                                         ADV. NO. 10-8012
CHAPTER 7 TRUSTEE

VS

SCOTT D. VANDERLICK, ET AL

### ANSWER OF BYRD TRUCKING, LLC, TO COMPLAINT AND FIRST AMENDED COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS FROM DEBTOR'S GRAIN ACCOUNT

**NOW INTO COURT**, through the undersigned counsel, comes BYRD TRUCKING, LLC, ("Byrd"), defendant in the above captioned adversary proceeding, who in answer to the *Complaint to Avoid and Recover Preferential Transfers from Debtor's Grain Account* and the *First Amended Complaint to Avoid and Recover Preferential Transfers from Debtor's Grain Account* (collectively, the "Complaint")[1] filed herein by Thomas R. Willson, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Central Louisiana Grain Cooperative, Inc. (The "Debtor"), respectfully represents as follows:

1.

Paragraph 1 of the Complaint is admitted.

2.

Paragraph 2 of the Complaint is admitted.

---

[1] The complaint and amended complaint are answered by responding to the allegations in the amended complaint, which simply adds a cont to the complaint and deletes certain defendants.

3.

Paragraph 3 of the Complaint is admitted.

4.

Paragraph 4 of the Complaint is admitted.

5.

Paragraph 5 of the Complaint is denied for lack of sufficient information to justify a belief therein other than to state that Byrd has been named a defendant herein.

6.

Paragraph 6 of the Complaint is admitted.

7.

Paragraph 7 of the Complaint is admitted.

8.

Paragraph 8 of the Complaint is denied for lack of sufficient information to justify a belief therein.

9.

Paragraph 9 of the Complaint is denied for lack of sufficient information to justify a belief therein.

10.

Paragraph 10 of the Complaint is denied for lack of sufficient information to justify a belief therein.

11.

Paragraph 11 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations contained in

Paragraph 11 are denied as to Byrd's relationship with the Debtor. Furthering answering, Byrd was not a farmer but a grain hauling company, and did not extend credit to the debtor over a period of time creating any sort of credit sale or any other type of delayed payment transaction.

12.

Paragraph 12 of the Complaint is denied for lack of sufficient information to justify a belief therein.

13.

Answering Paragraph 13 of the Complaint, Byrd reiterates and incorporates as if fully set forth its responses in Paragraphs 1 through 12 above

14.

Paragraph 14 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 14 are denied as to Byrd.

15.

Paragraph 15 of the Complaint is denied for lack of sufficient information to justify a belief therein.

16.

Paragraph 16 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 16 are denied as to Byrd.

17.

Paragraph 17 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 17

are denied as to Byrd.

18.

Paragraph 18 of the Complaint is denied for lack of sufficient information to justify a belief therein.

19.

Paragraph 19 of the Complaint is denied for lack of sufficient information to justify a belief therein.

20.

Paragraph 20 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 20 are denied as to Byrd.

21.

Paragraph 21 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 21 are denied as to Byrd.

22.

Answering Paragraph 22 of the Complaint, Byrd reiterates and incorporates as if fully set forth its responses in paragraphs 1 through 21 above.

23.

Paragraph 23 of the Complaint is denied for lack of sufficient information to justify a belief therein.

24.

Paragraph 24 of the Complaint is denied for lack of sufficient information to justify a belief

therein as to any Defendant other than Byrd.  Further answering, the allegations in Paragraph 24 are denied as to Byrd.

25.

Paragraph 25 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd.  Further answering, the allegations in Paragraph 25 are denied as to Byrd.

26.

Paragraph 26 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd.  Further answering, the allegations in Paragraph 26 are denied as to Byrd.

27.

 Paragraph 27 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd.  Further answering, the allegations in Paragraph 27 are denied as to Byrd.

28.

Answering Paragraph 28 of the Complaint, Byrd reiterates and incorporates as if fully set forth its responses in Paragraphs 1 through 27 above.

29.

Paragraph 29 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd.  Further answering, the allegations in Paragraph 29 are denied as to Byrd.

30.

Answering Paragraph 30 of the Complaint, Byrd reiterates and incorporates as if fully set

forth its responses in Paragraphs 1 through 29 above.

31.

Paragraph 31 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 31 are denied as to Byrd.

32.

Paragraph 32 of the Complaint is denied for lack of sufficient information to justify a belief therein.

33.

Paragraph 33 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, Byrd received payments for hauling grain as both a contemporaneous exchange in new value and in the ordinary course of business.

34.

Paragraph 34 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 34 are denied as to Byrd. Further answering, Byrd specifically denies that any such payment(s) was/were made on account of an antecedent indebtedness, as it was a substantially contemporaneous exchange of new value made according to ordinary business terms for a debt incurred in the ordinary course of business between the Debtor and Byrd.

35.

Paragraph 35 of the Complaint is denied for lack of sufficient information to justify a belief therein with respect to the Debtor's insolvency. Further answering, the allegations in Paragraph 35 with respect to the insider status of any Defendant other than Byrd are denied for lack of sufficient

information to justify a belief therein. Further answering, the allegations in Paragraph 35 are denied as to Byrd.

36.

Paragraph 36 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 36 are denied as to Byrd.

37.

Paragraph 37 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 37 are denied as to Byrd.

38.

Paragraph 38 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 38 are denied as to Byrd.

39.

Answering Paragraph 39 of the Complaint, Byrd reiterates and incorporates as if fully set forth its responses in Paragraphs 1 through 38 above.

40.

Paragraph 40 of the Complaint is denied for lack of sufficient information to justify a belief therein.

41.

Paragraph 41 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 41 are

denied as to Byrd.

42.

Paragraph 42 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 42 are denied as to Byrd.

43.

Paragraph 43 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 43 are denied as to Byrd.

44.

Paragraph 44 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 44 are denied as to Byrd.

45.

Answering Paragraph 45 of the Complaint, Byrd reiterates and incorporates as if fully set forth its responses in Paragraphs 1 through 44 above.

46.

Paragraph 46 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 46 are denied as to Byrd.

47.

Answering Paragraph 47 of the Complaint, Byrd reiterates and incorporates as if fully set forth its responses in Paragraphs 1 through 46 above.

48.

Paragraph 48 of the Complaint is denied for lack of sufficient information to justify a belief therein.

49.

Paragraph 49 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 49 are denied as to Byrd.

50.

Paragraph 50 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 50 are denied as to Byrd.

51.

Paragraph 51 of the Complaint is denied for lack of sufficient information to justify a belief therein.

52.

Paragraph 52 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 52 are denied as to Byrd. Further answering, Byrd states that, regardless of any reservation of rights asserted by the Trustee, any amendment of the Complaint should only be allowed to the extent permitted by law.

53.

Paragraph 53 of the Complaint is denied for lack of sufficient information to justify a belief therein.

54.

Paragraph 54 of the Complaint is denied for lack of sufficient information to justify a belief therein as to any Defendant other than Byrd. Further answering, the allegations in Paragraph 54 are denied as to Byrd.

55.

Answering Paragraph 55 of the Complaint, Byrd states that, regardless of any reservation of rights asserted by the Trustee, any amendment of the Complaint should only be allowed to the extent permitted by law.

FURTHER ANSWERING, Byrd states that, to the extent it is cast in judgment in this action, which it at all times denies should occur, then the bar date in the Debtor's bankruptcy case should be reopened and Byrd permitted to file a claim herein.

NOW FURTHER RESPONDING to the Complaint, Byrd pleads the following non-exclusive Affirmative Defenses:

## AFFIRMATIVE DEFENSES

### I.

### AFFIRMATIVE DEFENSE OF NON-PREFERENTIAL PAYMENTS UNDER 11 U.S.C. § 547(B)(4)(A-B):

56.

The Trustee alleges that the transfers to Defendants were made within 90 days of the filing of the Debtor's Petition for relief. Compl. at ¶ 13 *et seq.* (hereinafter the "Alleged Preferences").

57.

Byrd was not an insider of the Debtor at any time throughout the business between the Debtor and Byrd.

58.

No payments to Byrd by or through the Debtor's grain account, any other account, or by any other means, were made on account of an antecedent debt.

59.

Therefore, the payments made to Byrd are not preferences within the meaning of 11 U.S.C. § 547(b)(4)(A) or (B) and the Trustee may not avoid any payments made to Byrd.

**II.**

**AFFIRMATIVE DEFENSE OF PAYMENT IN THE ORDINARY COURSE OF BUSINESS OR FINANCIAL AFFAIRS OF THE DEBTOR AND TRANSFEREE UNDER 11 U.S.C. § 547(c)(2)(A):**

60.

The Trustee alleges that the Debtor's payments to Defendants, including those to Byrd, are preferential transfers. Compl. At ¶ 13 *et seq.*

61.

Without admitting that any of the Alleged Preferences in the Complaint are preferential transfers within the meaning of 11 U.S.C. § 547(b), Byrd avers that any indebtedness of the Debtor to Byrd was incurred in the ordinary course of business or financial affairs of the Debtor and Byrd in accordance with 11 U.S.C. § 547(c)(2)(A).

62.

Therefore, the Trustee may not avoid the transfers made by the Debtor to Byrd in accordance with 11 U.S.C. § 547(c).

**III.**

**AFFIRMATIVE DEFENSE OF PAYMENT ACCORDING TO ORDINARY BUSINESS TERMS UNDER 11 U.S.C. § 547(c)(2)(B):**

63.

The Trustee alleges that the Debtor's payments to Defendants, including those to Byrd, are preferential transfers. Compl. At ¶ 13 *et seq.*

64.

Without admitting that any of the Alleged Preferences in the Complaint are preferential transfers within the meaning of 11 U.S.C. § 547(b), Byrd avers that any indebtedness of the Debtor to Byrd was incurred through ordinary business terms in accordance with 11 U.S.C. § 547(c)(2)(B).

65.

Therefore, the Trustee may not avoid the transfers made by the Debtor to Byrd in accordance with 11 U.S.C. § 547(b).

**IV.**

**AFFIRMATIVE DEFENSE OF PAYMENTS INTENDED BY THE DEBTOR AND BYRD TO BE A CONTEMPORANEOUS EXCHANGE FOR NEW VALUE GIVEN TO THE DEBTOR UNDER 11 U.S.C. § 547(c)(1):**

66.

The Trustee alleges that the Debtor's payments to Defendants, including those to Byrd, are preferential transfers. Compl. At ¶ 13 *et seq.*

67.

All payments made through the Debtor's grain account to Byrd were essentially simultaneous payments for grain hauling services, and therefore were exchanges intended to be, and in fact were, substantially contemporaneous transactions.

68.

Therefore, the Trustee may not avoid the payments to Byrd pursuant to 11 U.S.C. § 547(b).

# V.

## AFFIRMATIVE DEFENSE OF NON-FRAUDULENT TRANSFERS AND OBLIGATIONS:

69.

The Trustee alleges that transfers made within one year of the Debtor's filing of the Petition to Defendants, including Byrd, were fraudulent transfers within the meaning of 11 U.S.C. § 548.

70.

In fact, no payments to Byrd by or through the Debtor's grain account, any other account, or by any other means, were made with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that such payment was made, indebted.

71.

Therefore, the Trustee may not avoid payments to Byrd from the Debtor's grain account under either 11 U.S.C. § 548(a)(1)(A) or (B).

# VI.

## AFFIRMATIVE DEFENSE OF FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(6):

72.

The Trustee's Complaint fails to allege any specific facts that tend to show that payments to Byrd, or to any other defendant, by or through the Debtor's grain account, any other account, or by any other means, were made with the actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that such payment was made, indebted.

73.

Under Fed. R. Civ. P. 9(b), made applicable to this proceeding through Fed. R. Bankr. P. 7009, a party a must state with particularity the circumstances constituting fraud.

74.

The Trustee alleges that "many of the Defendants on First Amended Exhibit 'A' were insiders of the Debtor." Compl. at ¶ 35.

75.

The Trustee fails to set forth any facts in the Complaint that tend to show that Byrd was ever an insider of the Debtor.

76.

Therefore, the Trustee has failed to state a claim upon which relief may be granted for his claim that the Debtor made payments to Byrd with the intent to defraud an entity to which the Debtor became indebted.

77.

Furthermore, the Trustee's Complaint fails to state a claim upon which relief may be granted for his claim against Byrd for avoidance of preferential transfers under 11 U.S.C. § 547 and with respect to payments made prior to January 8, 2008, because the face of his Complaint as shown through the Exhibits attached thereto, reflect that these payments made to Byrd were made prior to the 90-day period before the filing of the Petition.

78.

Under Fed. R. Civ. P. 12(b)(6) and its applicable jurisprudence, made applicable herein by Federal Rule of Bankruptcy Procedure 7012(b), a complaint must allege enough facts to state a claim to relief that is plausible – and not merely conceivable – on its face. A pleading that offers "labels and conclusions" or "a formulaic recitation of elements of a cause of action will not do." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). "Nor does a complaint suffice if it tenders

'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 129 S. Ct. at 1949 (citing *Bell Atlantic Corp*., 550 U.S. at 557).

79.

The Trustees allegation that "many of the Defendants on First Amended Exhibit 'A' were insiders of the Debtor," does not sufficiently state a claim against Byrd for avoidance of payments to Byrd as preferential transfers under 11 U.S.C. § 547. Compl. at ¶ 35.

## VII.

82.

To the extent that the Trustee seeks to recover amounts from grain or the proceeds of grain which are not allowable pursuant to 11 U.S.C. § 557(b)(1), those claims are barred by operation of law.

**WHEREFORE**, Byrd prays that this answer be deemed good and sufficient and that after due proceedings are had, that there be judgment herein in favor of the defendant and against the Trustee, dismissing the Trustee's claims at the Trustee's costs.

Alexandria, Louisiana, this 13th day of December, 2011.

Respectfully submitted,

GOLD, WEEMS, BRUSER, SUES & RUNDELL

BY:     /s/ Bradley L. Drell
       Bradley L. Drell    (#24387)
       B. Gene Taylor, III   (#33407)
       2001 MacArthur Drive
       P.O. Box 6118
       Alexandria, LA 71307-6118
       Phone: (318) 445-6471
       Fax: (318) 445-6476
**ATTORNEYS FOR BYRD TRUCKING, LLC**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:   CENTRAL LOUISIANA GRAIN   BK NO. 08-80475
*************************************************************************

THOMAS R. WILLSON,   ADV. NO. 10-8012
CHAPTER 7 TRUSTEE

VS

SCOTT D. VANDERLICK, ET AL

### CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the above and foregoing **Answer of Brant Byrd to Complaint and First Amended Complaint to Avoid and Recover Preferential Transfers from Debtors' Grain Account** to Stephen D. Wheelis, POB 13199, Alexandria, LA 71315-3199 and to Byrd Trucking, LLC, 669 Hwy. 970, Lecompte, LA 71346, by placing a copy of same in the United States Mail, properly addressed, with prepaid postage affixed.

Alexandria, Louisiana, this 13th day of December, 2011.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By:   /s/Bradley L. Drell
      Bradley L. Drell  (Bar Roll #24387)
      B. Gene Taylor, III (Bar Roll #33407)
      P. O. Box 6118
      Alexandria, LA   71307-6118
      Telephone: (318) 445-6471
      Facsimile:  (318) 445-6476
      e-mail: bdrell@goldweems.com

**ATTORNEYS FOR BYRD TRUCKING, LLC**